**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL BERBERICH,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.
                                    /

Case No. 06-CV-11672-DT

HONORABLE DENISE PAGE HOOD

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

This matter is before the Court on Plaintiff Michael Berberich's Motion for Reconsideration ("Motion") of the Court's May 31, 2006 Order of Summary Dismissal ("Order"), which dismissed Plaintiff's *pro se* Complaint alleging that Defendant Federal Bureau of Prisons violated his rights under the Constitution and Religious Freedom Restoration Act. Plaintiff filed his Motion on November 1, 2006.[1] Plaintiff does not cite any law in support of his Motion, but indicates that he never received a copy of the Order.

**II. APPLICABLE LAW & ANALYSIS**

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") and Federal Rule of Civil Procedure 60 ("Rule 60") both address requesting relief from a court order. Rule 59(e) authorizes motions to alter or amend a judgment if filed within ten days after entry of the judgment. A court "is without power to enlarge the time for making Rule 59(e) motions." *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). As indicated, the Order was entered on May

---

[1] Plaintiff's Motion, drafted in letter format, is dated September 16, 2006 and was mailed to this Court's chambers. The letter was received by the Court on September 22, 2006 and subsequently filed with the Clerk on November 1, 2006.

31, 2006 and Plaintiff filed his Motion on November 1, 2006.[2]  Because Plaintiff filed his Motion more than ten days after the entry of the Order, Plaintiff may not rely upon Rule 59(e) to assert his Motion.

Under Rule 60, a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time.  Rule 60(a) addresses clerical errors.  Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time. . . .

Fed. R. Civ. P. 60(b).  With regard to the catch-all provision of Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.  Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (citations and quotation marks omitted).  Motions to reconsider under Rule 60(b) are "opportunit[ies] for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision

---

[2]Even if the Court were to deem that Plaintiff's letter motion was filed on September 22, 2006, this is still long after the ten day period.

2

when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are "addressed to the sound discretion of the district court." *FHC Equities*, 188 F.3d at 683. Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000).

Assuming that Plaintiff's Motion was made "within a reasonable time," as required by Fed. R. Civ. P. 60(b), Plaintiff has not provided sufficient grounds to alter or amend the Court's Order. In his Motion, Plaintiff simply asserts that he never received a copy of the Order. He does not assert that the Order contained a manifest error of law or fact, that he has newly discovered evidence, or that there has been a change in the law. Additionally, Plaintiff has not shown the existence of exceptional or extraordinary circumstances which would justify applying the catch-all provision of Rule 60. Consequently, the Court declines to alter or amend its previous order as it is well-reasoned and supported by applicable law.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED Plaintiff's Motion for Reconsideration [Docket No. 8, filed on November 1, 2006] is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Michael Berberich, Reg. No. 08883073, P. O. Box 1000, Milan, MI 48160on September 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager